## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **DUNNAM & DUNNAM LLP,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | Civil Action No.  **6:21-cv-1041** |
| | § | |
| **DUNHAM LAW FIRM, P.C.,** | § | |
| **DUNHAM & JONES L.L.P.,** | § | |
| **PAUL J. DUNHAM, JEFFREY R. CASEY,** | § | |
| **AND SCOTTY JONES,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Dunnam & Dunnam, L.L.P., (hereinafter Plaintiff) and files this Plaintiff's Original Complaint and Application for Injunctive Relief against Dunham Law Firm, P.C, Dunham & Jones, L.L.P., Paul J. Dunham, Jeffrey R. Casey, and Scotty Jones (hereinafter Defendants), and avers as follows:

### PRELIMINARY STATEMENT

1.      This is an action for infringement of Plaintiff's trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for substantial and related claims of trademark infringement and unfair competition, all arising from the Defendants' unauthorized use of the Dunnam Marks (as defined below) in connection with their marketing, advertising, promotion, offering, and providing Defendants' legal services.

2.      Plaintiff seeks injunctive and monetary relief.

## THE PARTIES

3.      Dunnam & Dunnam, L.L.P., is a limited liability partnership organized and existing under the laws of the State of Texas and having its principal place of business in Waco, McLennan County, Texas.

4.      Dunham Law Firm, P.C., is a professional corporation organized and existing under the laws of the State of Texas.  Dunham Law Firm, P.C. may be served with process by serving Paul J. Dunham at 1800 Guadalupe Street, Austin, Texas 78701.

5.      Dunham & Jones, L.L.P., is a limited liability partnership organized and existing under the laws of the State of Texas.  Dunham & Jones, L.L.P. may be served with process by serving Paul J. Dunham at 1800 Guadalupe Street, Austin, Texas 78701.

6.      Paul J. Dunham is an individual residing in Texas, who may be served with process at 1800 Guadalupe Street, Austin, Texas 78701.

7.      Jeffrey R. Casey is an individual residing in Texas, who may be served with process at 1800 Guadalupe Street, Austin, Texas 78701.

8.      Scotty Jones is an individual residing in Texas, who may be served with process at 1110 E. Weatherford Street, Fort Worth, Texas 76102.

## JURISDICTION AND VENUE

9.      This civil action arises in part under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.* and under the Copyright Laws of the United States, 17 U.S.C. § 1 *et seq.*  This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. § 1338(b) (pendent unfair competition claims).

10.     The Court has personal jurisdiction over Defendants because Defendants are Texas

residents.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) because Defendants' principal place of business is within this District and where the Defendants have committed acts of infringement.

<u>**FACTUAL BACKGROUND**</u>

**A.      HISTORY OF DUNNAM & DUNNAM**

12.      Dunnam & Dunnam, L.L.P. (and its direct predecessors in interest) was founded in approximately 1925 in Waco, McLennan County, Texas, by W.V. Dunnam ("W.V."), an attorney licensed to practice law in the State of Texas.

13.      Subsequently, W.V.'s son, W.V. Dunnam, Jr. ("Bill") joined the firm.

14.      Thereafter, Clyde Vance Dunnam ("Vance") joined the firm, and it became known as Dunnam, Dunnam & Dunnam.

15.      In 1978, Clyde Vance Dunnam, Jr. ("Jr."), joined the firm.

16.      In 1988, James Robert Dunnam ("Jim") joined the firm.

17.      In 2019, Jim's son, Mason Vance Dunnam ("Mason") joined the firm.

18.      In prior years, Vance's daughter, Cathy Dunnam Pleitz, and Jr.'s daughter, Vanessa Dunnam, have worked at the firm.

19.      Throughout its history, the firm has practiced as Dunnam, Dunnam & Dunnam; Dunnam, Dunnam, Horner & Meyer; and now as Dunnam & Dunnam.  However, since its inception, the firm has used, and clients and the general public have also used, the names "Dunnam," "Dunnam Law," "the Dunnam Firm," and "the Dunnam Law Firm," and similar names, to refer to the firm. (Collectively, these marks are referred to herein as the "Dunnam Marks.")

20.      Because of its extensive use, clients and consumers have come to know the Dunnam name and Dunnam Marks as representing the Plaintiff and associate it with Plaintiff's goods and

services.  The Dunnam Marks are famous in the relevant geographic market.

21.    Attorneys who have practiced at Dunnam & Dunnam have been extensively involved in public and community service in Texas.

22.    Among the individuals who have worked at Dunnam & Dunnam, attorneys have served in elected or appointed positions either prior to, during, or after their tenure at Dunnam & Dunnam, including as follows: three Texas State Representatives, three Texas State District Judges, one Federal District Judge and one Justice of the Texas Supreme Court.

23.    Two members of Dunnam & Dunnam have served as President of the McLennan County Bar Association.

24.    Members of the firm have received statewide recognition and extensive civic involvement such as 1999 Baylor Young Lawyer of the Year, and President of the Greater Waco Hispanic Chamber of Commerce; and as members of the McLennan County Dispute Resolution Center Board, the WISD Adopt A School Advisory Board, and the McLennan County Juvenile Advisory Board.

25.    Beginning in 1984, Bill Dunnam authored Texas Criminal Defense Forms Annotated, which was published by Knowles Publishing, Inc.

26.    Bill Dunnam was a founding member of the Texas Criminal Defense Lawyers Association.

27.    For decades, Dunnam & Dunnam and members of the firm have been rated AV Preeminent by Martindale-Hubbell.

28.    Dunnam & Dunnam has been listed in the Bar Registry of Preeminent Lawyers in the Criminal Law, Civil Trial Law, Family Law, General Practice and Real Estate Law areas of practice.

29.    Members of the firm currently hold seven Board Certifications by the Texas Board of Legal Specialization.

**B.      HISTORY OF THE INJUNCTIONS**

30.      In 1998, Dunnam & Dunnam and members of the firm, filed a suit for injunctive relief against some of the Defendants relating to Defendants' attempts to improperly trade on the Dunnam name. The parties ultimately settled this matter and, as a result, the 74th District Court of McLennan County, Texas, entered an Agreed Judgment on April 23, 1998, which contained a permanent injunction against the Defendants (hereinafter "Agreed Judgment" or "Permanent Injunction"). This order is attached as Exhibit A. In relevant part, the Agreed Judgment provides:

> It is, therefore, ORDERED, ADJUDGED and DECREED that defendants, The Dunham Law Firm, Attorney at Law, P.C., Paul J. Dunham, Jeffrey R. Casey, Tony Faulkner, and Bobby Hawkins, their officers, agents, servants, employees and attorneys, and persons or entities acting in concert or participation with defendants, including but not limited to Dunham, Casey & Faulkner, P.C., are hereby permanently enjoined from using, directly or indirectly, for any purposes and in any manner, in Bell, McLennan, Coryell, Hill, Bosque, Johnson, Brazos, Hamilton, Somervell, Limestone, Freestone, Robertson, Falls, Madison, Navarro, and Leon Counties, Texas (hereinafter referred to as the specified area), the names "Dunham, Attorney at Law;" "Dunhams, Attorney at Law;" "Dunham Law Firm;" "Dunham Firm;" "Dunham and Associates, with any variation of the use of a word or symbol for "and;" "Dunham and Dunham, with any variation of the use of a word or symbol for "and;" and any of the above mentioned names with the word "The" or "the" preceding those names; and any of the above referenced names with the words or abbreviations Inc., P.C., A Professional Corporation, L.L.P. or Limited Liability Partnership following or associated with the above referenced names, and any of the above referenced names with the spelling Dunnam rather than Dunham; and from using the name Dunham or Dunnam without a different given name or a different surname associated with said name (hereinafter referred to as the specified names).
>
> It is further ORDERED, ADJUDGED AND DECREED that defendants shall immediately cancel, or cause to be cancelled, by taking any and all necessary steps, all advertising or telephone listings purchased, made, placed or arranged by them using the specified names, in the specified area, and defendants are further ORDERED not to hereafter place, purchase or arrange for in any way any advertising or telephone listings using the specified names in the specified area.
>
> It is further ORDERED. ADJUDGED AND DECREED that defendants are enjoined from hereafter placing, making, purchasing or otherwise permitting any advertising or solicitation distributed or circulated in the specified area emphasizing the name "Dunham" or "Dunnam" as compared to any other given or proper name which may be contained in the name of the law firm, group or individual placing, making, purchasing

or otherwise permitting said advertising.

It is further agreed and ORDERED that if defendants are not able, after taking reasonable steps to do so, to cancel one telephone yellow pages advertising previously purchased by them to appear in the Spring telephone directory for Killeen, Texas scheduled to be released for 1998 that their failure to do so will not be considered a violation of the permanent injunction provided for herein, but any republication after the presently arranged for edition, or any failure by defendants to cancel other previously purchased but yet unpublished advertising, using the specified names in the specified area will be considered a violation of this Agreed Judgment and the permanent injunction provided herein.

It is further agreed and ORDERED that ... any republication after the presently arranged for edition [i.e. Sprint telephone directory for Killeen, Texas], or any failure by defendants to cancel other previously published but yet unpublished advertising, using the specified names in the specified area will be considered a violation of this Agreed Judgment and the permanent injunction provided for herein.

The Court further stated:

The Court further finds that the parties have agreed that the entry of this Agreed Judgment will not prejudice the rights of plaintiffs to seek damages, injunctive relief, or other relief provided for by law or in equity should defendants, or any of them, hereafter take actions which infringe upon plaintiffs' name in the specified area.

31.     On May 11, 2011, Dunnam & Dunnam filed a Motion for Contempt and Order to Appear in the 74th District Court based on Defendants' violations of the Agreed Judgment. As a result of that proceeding, the parties entered into a Rule 11 Agreement wherein Defendants agreed to change their firm name from "The Dunham Law Firm" to a name not prohibited by the Permanent Injunction, agreed to pay attorneys' fees, and agreed that the Permanent Injunction remained in full force and effect. This Rule 11 Agreement is attached as Exhibit B. Thereafter, the 74th District Court signed an Agreed Order of Dismissal on June 15, 2011. In this document, the Court reaffirmed that the 1998 Agreed Judgment remained in full force and effect and "nothing herein shall prejudice any rights of Plaintiffs in the above entitled and numbered cause to hereafter further seek enforcement of, and remedies for any violations in the past or in the future of, said Agreed Judgment." This 2011 Order was agreed to by all parties, and is attached as Exhibit C.

32.     The Plaintiff in the present action was a plaintiff, and Defendants were defendants, in

these prior state court proceedings. Defendants were and are fully aware of the 1998 Agreed Judgment, the Rule 11 Agreement, and the 2011 Order and their specific terms. All parties, including Defendants, agreed to the entry of all of these documents; counsel for Defendants was present when the state court issued the orders; and Defendants received a copy of the 1998 Agreed Judgment, Rule 11 Agreement, and 2011 Order after they were respectively reduced to writing and approved by the state court. Moreover, Defendants reaffirmed the validity of the 1998 Agreed Judgment after the 2011 filing of the Motion for Contempt. Defendants again agreed to abide by the terms of the 1998 Agreed Judgment, the 2011 Order reaffirming the same, and the Rule 11 Agreement.

33. Defendants nevertheless continue to violate the 1998 Agreed Judgment and the 2011 Rule 11 Agreement.

**C.      HISTORY OF SoS FILINGS BY PAUL DUNHAM**

34. As an allegation hereby made under F.R.C.P. 11(b)(3) as likely to have evidentiary support after a reasonable opportunity for further investigation for discovery in this case, Paul Dunham does not engage in actual active practice of law, but rather acts in a capacity as business marketing manager for Dunham & Jones and the lawyers that appear in court.

35. Dunnam & Dunnam is, and at all relevant times has been, in the business of providing legal services in the Texas.

36. In the course of its business, Dunnam & Dunnam has taken steps to provide its clients with superior service. Dunnam & Dunnam has also expended substantial time and sums of money in promoting its services. As a result of its efforts, Dunnam & Dunnam has a substantial amount of goodwill in the community and marketplace, and the relevant consuming public has come to recognize Dunnam & Dunnam as the source of high quality professional legal services.

37. Dunnam & Dunnam uses a URL of dunnamlaw.com, and attorneys in the firm use emails ending @dunnamlaw.com.

- 7 -

D.      **DEFENDANTS' MARKETING EFFORTS CAUSE CONFUSION**

38.      Despite the 1998 Agreed Judgment and the 2011 Rule 11 Agreement, Defendants have infringed upon and continue to infringe and dilute the Dunnam marks.

39.      Defendants have invested significant resources in promoting internet visibility and Search Engine Optimization via associated and non-associated terms, redirects, ad words, keywords and metadata, specifically using "Dunham Law," including approximately 185 identified internet resources that either currently or previously redirect (point to) the dunhamlaw.com website.

40.      Defendants utilize domain names such as dunhamlaw.us, dunhamlaw.net, dunhamlaw.org, and dunhamlaw.biz.

41.      Domain names utilizing "Dunham Law" have been registered by or for Dunham & Jones, Dunham & Rogers, eLawSoftware and others with a variety of internet registrars.

42.      Defendants and associated attorneys use email addresses @dunhamlaw.com.

43.      Defendants have made no material efforts to limit the use, promotion, visibility or advertisement of dunhamlaw or dunham law.

44.      Despite the Agreed Judgment dated April 23, 1998 and the June 2011 Order, Defendants have continued "placing, making, purchasing or otherwise permitting said advertising" using "Dunham Law.

45.      Defendants' use of Dunham Law has specifically placed, made, purchased and permitted extensive advertising in all of the 16 counties identified in the Agreed Judgment using verbiage prohibited in the Agreed Judgment.

46.      Beginning at least February of 2000, Defendants registered or caused to be registered numerous domain names including, *inter alia*, dunhamlaw.biz, dunhamlaw.info, dunhamlaw.lawyer, dunhamlaw.legal, dunhamlaw.net, dunhamlaw.org, dunhamlaw.pro, dunhamlaw.us, dunhamlawcenter.com, dunhamlawyers.com, dunhamlegalcenter.com and others.

47.     Despite its agreement to reaffirm the Agreed Judgment of April 23, 1998, within 48 hours of the June 15, 2011 Agreed Order of Dismissal, Defendants registered or caused to be registered the domain names dunhamjones.com, dunhamjoneslaw.com and pauldunhamlaw.com.

48.     Upon information and belief, in late 2018 and early 2019, Defendants also began a campaign of changing the contents of their website to indicate that they had an "office" in Waco, Texas. Upon information and belief, Defendants did not have a Waco office, but instead used the reference to cause confusion with the Dunnam Marks, the Dunnam name, and the Firm.  Indeed, because Defendants did not have a Waco office, they initially informed potential clients that visits to this office were "by appointment only."  Since the change in the website in late 2018/early 2019, Defendants have continued and even increased the number of references to Waco, Texas, all in a willful and deliberate attempt to cause confusion.

49.     These acts have in fact caused actual confusion.  Defendants' use of the infringing names and websites has resulted in multiple instances of actual confusion in the legal marketplace, as shown below.  Upon information and belief, discovery will also show that clients who were seeking legal services from Plaintiff have been misdirected to the Defendants due to the Defendants' willful infringement.

50.     These instances of confusion shows that Defendants are intentionally, flagrantly and unlawfully trading upon the name and goodwill of Plaintiff.

51.     Defendants' flagrant and willful infringement is diluting and harming the goodwill in the Dunnam Marks.  This dilution and harm is also evidenced by the reviews by customers' posts about Defendants.

52.     For example, one post from 2020 gives the Defendants a 1-star review and comments that the "law firm is extremely hard to get a hold of to be able to talk to a Lawyer," that the Defendants did not explain things well or provide full legal services, and potential clients should "consider checking

out other Law Firms."



**Donna S.**
Odessa, TX
🖼 44  ⊡ 2

⭐☆☆☆☆  10/1/2020

My son was arrested for DWI back in 2018.  At the advice of the attorney at Dunham and Jones, he plead guilty and did deferred adjudication.  He completed his Deferred Adjudication in 2020.  He is getting his life right and was filling out applications for employee not only to find out that it still shows up on his Criminal Record.  It was not explained to us that it would still show up after he completed it.  This law firm is extremely hard to get a hold of to be able to talk to a Lawyer.  He is now having to pay to get this Expunged from his record so that it does not show up on his record.  After all the money that you pay this firm you would think they would have done that for him!!  I would consider checking out other Law Firms.



53.     In another review posted just a few weeks ago, the potential client complains about the Defendants' services and unprofessionalism, and that  its " lawyers like you that ruin the rest of peoples lives because you think your better than everyone else and aren't going to help."  This reviewer also gave the Defendants 1-star.



**Erin M.**
Austin, TX
🖼 2  ⊡ 45  📷 7

⭐☆☆☆☆  6/1/2021

Your website says you help people and I get turn me down and can't even get past the receptionist who is not even an attorney. All your stupid awards and what a great lawyer you are that you help people are lies! No wonder people hate lawyers it lawyers like you that ruin the rest of peoples lives because you think your better than everyone else and aren't going to help



54.     In yet another review posted just a few weeks ago, the reviewer claimed to have received poor representation from several lawyers that passed him around and "never felt that one of them was truly handling my case."  This client also complained that the representation "never lived up to [the Firm's] pitch."  Even worse, the reviewer notes that the Defendants "never showed up for court." Indeed, the reviewer states that he "ended up worse off than if I would have stuck with my original representation

which was one third the cost…. I am left feeling misinformed,  uninformed and with regret. **I do not recommend their services**."



**Dean A.**
Murfreesboro, TN
⬚ 141  ▣ 42  ⬚ 7

⭐⭐☆☆☆  7/14/2021

It's my opinion.  I was passed around to several different lawyers and never felt that one of them was truly handling my case. Mr. Tennyson sold me but never lived up to his pitch. Chris stepped in and I felt this was going to get better cause he helped me  out of a difficult situation last minute however he never showed up for court. Joe stepped in and answered all my questions and my calls which was refreshing. In the end he didn't come close to what I was told would happen. I had retained services from an attorney prior to this firm but let them go after I had already paid them relying on  Mr. Tennysons' pitch. I owe that other attorney an apology. I ended up worse off than if I would have stuck with my original representation which was  one third the cost. I hope they do not feel as if they have done a good job because that is not the case. I am left feeling misinformed,  uninformed and with regret. I do not recommend their services.

55.     In another negative review, the client refers the Defendants' services as "a joke," that they "scam" clients, that they make "deals without your knowledge" and "DONT HIRE."



**Luis C.**
Brazos, Waco, TX
⬚ 13  ▣ 8  ⬚ 2



⭐☆☆☆☆  2/23/2020

I needed and attorney I contacted these people not knowing how much Of a joke they are. Needless to say I had to hire another attorney. One that is more reputable than these clowns. Don't waste your money hiring anyone from Dunham and jones at any location. They just want to take your money and make plea deals without your knowledge.  Everyone that works here is a joke. My new attorney even warned me about their scam.
COMPLETE JOKE. DONT HIRE.

56.     In yet another negative review, the client states she wished she could give Dunham a "negative 4 stars," that the Defendants never showed up for a court date or advised the client of the court date, and to "Avoid this firm at all costs.  I do not want to give them one more dollar."



**Raven R.**
Austin, TX
⊡ 0   ⊙ 20



⭐☆☆☆☆   1/30/2019

If I could give them negative 5 stars I would.  My son got a DWI last Aug.  After meeting with several lawyers, we finally decided on Dunham & Jones.  I obviously am a sucker because Mr Dunham met with us and appeared very competent and helpful.  Since that meeting we have only been in contact with the law firm a couple of times, despite numerous calls & emails to them.  I have complained to Mr Dunham (the owner!) to no avail. For the first time since Aug, he responded and stated he wanted his clients to be happy and he would contact me by the end of the week.  It has been over a week since that email with no response.  I just called another lawyer to discuss switching and found out my son had court the same day!  He missed a court date because his lawyer never even told him about it!  The lawyer I spoke to asked whom we were currently using.  Once I told him he was able to guess what the issues were because he has had so many clients switch from them!  Avoid this firm at all costs.  I do not want to give them one more dollar.

57.     Because of the Defendants' infringement, all these negative reviews are now associated with and diluting the Dunnam Marks.

58.     Defendants' continued use of the Dunnam Marks is willful and intentional. Prior to filing this lawsuit, Plaintiff has requested on multiple occasions that Defendants cease and desist from its unlawful use of the Dunnam Marks, even obtaining the referenced Court-ordered injunctions and agreements.  Notice was again sent in June 2020 with a response refusing to comply with the cease and desist request. Not even the compulsive power of a court order, however, has stopped the Defendants.

<u>**CAUSES OF ACTION**</u>

**COUNT 1—FEDERAL TRADEMARK INFRINGEMENT**

59.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

60.     Defendants' unauthorized use in commerce of the Dunnam Marks as described herein is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

61.     Plaintiff is the owner of several trademarks noted above.

62.     The Dunnam Marks are valid, subsisting, uncancelled, and unrevoked.

63.     Plaintiff has been doing business under one or more of the Dunnam Marks since 1925 and has continuously used one or more of the Dunnam Marks since 1925.  Plaintiff has used the Dunnam Marks in connection with and to identify the legal services provided by Plaintiff, and to distinguish said legal services from similar services offered by other lawyers and law firms.

64.     Defendants have infringed the Dunnam Marks in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of legal services under the name "Dunham Law" of a type similar to the services offered by Plaintiff, as well as the registrations and operation of the Infringing Domain Names, and prominently displaying, advertising, and promoting services under the name "Dunham Law."

65.     Defendants' use of the name "Dunham Law" in connection its goods and services and the registrations and operation of the Infringing Domain Names are without permission from or the authority of Plaintiff, and said use is likely to cause confusion, to cause mistake, and/or to deceive.

66.     Defendants' use of the name "Dunham Law" in connection with its services and the registrations and operation of the Infringing Domain Names has been made notwithstanding Plaintiff's well-known and prior established rights in the Dunnam Marks, and with actual notice of Plaintiff's rights and an injunction prohibiting these unlawful acts of willful infringement.

67.     Upon information and belief, Defendants' infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation, and goodwill in the Dunnam Marks. Plaintiff has no adequate remedy at law.

### COUNT 2—FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(FALSE ADVERTISING)

68.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

69.     Upon information and belief, Defendants have used the designation "Dunham Law"

in connection to its legal services and the registrations and operation of the Infringing Domain Names to advertise and promote its goods and services in interstate commerce.  Such use is a false designation of origin, a false or misleading description, and a representation of fact which is likely to cause confusion and to cause mistake, and to deceive, as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' legal services and commercial activities by Plaintiff.

70.     Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation, and goodwill in the Dunnam Marks.  Plaintiff has no adequate remedy at law.

**COUNT 3—FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**

71.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

72.     The Dunnam name and Dunnam Marks are highly recognized and widely used in interstate commerce in the United States.  Among other things, (a) the Dunnam Marks have acquired a high degree of distinctiveness; (b) Plaintiff has used the marks as early as 1925, all well prior to Defendants' use; (c) Plaintiff hase extensively advertised and publicized its Dunnam Marks for many years throughout the relevant geographic market; (d) Plaintiff has used the marks in a broad geographical area in Texas; and (e) the marks have an extremely high degree of recognition in the legal industry.

73.     The Dunnam name and Dunnam Marks are "famous" as defined by 15 U.S.C. § 1125(c) because of the mark's acquired distinctiveness in identifying Plaintiff's promotion, advertising, and provision of high quality legal services by Plaintiff.

74.     Defendants' utilization of Dunham Law, dunhamlaw and derivations thereof, constitute false advertising in violation of 15 U.S.C. §1125(a)(1)(B) because they misrepresent  the

nature, characteristics, or qualities of Defendants' goods/services and, therefore, impact interstate commerce.

75.     The acts of Defendants as described above are commercial uses in commerce that dilute and detract from the distinctiveness of the Dunnam name and Dunnam Marks, and have and will severely tarnish the Dunnam name and Dunnam Marks, with consequent damage to Plaintiff and the services and goodwill symbolized by the Dunnam name and Dunnam Marks, in violation of the Federal Trademark Dilution Act of 1996, codified at 15 U.S.C. § 1125(c).

76.     Defendants' acts of willful trademark dilution have caused, and are causing, great and irreparable injury to Plaintiff, Plaintiff's trademark, and to the goods, services and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

## COUNT 4—FEDERAL UNFAIR COMPETITION

77.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

78.     The acts of Defendants complained of herein constitute unfair competition, including false designation of origin and false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendants' acts have caused Plaintiff to sustain monetary damage, loss, or injury, in an amount to be determined at trial.

80.     Defendants engaged in these activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages in an amount to be determined at trial.

## COUNT 5—COMMON LAW TRADEMARK INFRINGEMENT

81.     Plaintiff re-alleges and incorporates by reference each and every allegation contained

in the preceding paragraphs of this Original Complaint as if fully set forth herein.

82.     The acts and conduct of Defendants, as set forth above in this Complaint, constitute trademark infringement under Texas common law.

83.     Defendants' conduct as alleged above has caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's trademark, business, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

## COUNT 6—COMMON LAW UNFAIR COMPETITION

84.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

85.     The acts and conduct of Defendants, as set forth above in this Complaint, constitute unfair competition under Texas common law.

86.     Defendants' conduct as alleged above has caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's trademarks, business, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

## APPLICATION FOR PERMANENT INJUNCTION

87.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

88.     As reflected above, Defendants' wrongful acts have caused, and are continuing to cause, irreparable injury to Plaintiff for which there is no adequate remedy at law.

89.     Plaintiff has established a substantial likelihood of success on the merits in this matter.

90.     The harm faced by Plaintiff outweighs any harm that would be sustained by Defendants if the injunction was granted; indeed, the continued damage to the Dunnam name and Dunnam Marks and the business, reputation, and goodwill in the Dunnam name and Dunnam Marks, greatly exceeds any harm Defendants could conceivably suffer.   Moreover, the issuance of an

injunction would not adversely affect the public interest.  To the contrary, public interest is served in removing the confusion Defendants are causing.

91.     Therefore, Plaintiff asks this Court to enter a permanent injunction, after a trial on the merits, requiring Defendants (and their agents, assigns, representatives or any person who is participating or is in active concert with them), who receive actual notice of this Court's order by personal service, telecopy, e-mail, or otherwise, to do the following:

a.     immediately refrain from using, in connection with the promotion, advertising, or provision of any products or services, the name "Dunham Law" or any other name confusingly similar to the Dunnam name and Dunnam Marks;

b.     immediately refrain from owning or operating the infringing domain names or any other domain name confusingly similar to the Dunnam name and Dunnam Marks ;

c.     surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing name "Dunham Law," pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118; and

d.     transfer to Plaintiff all of the infringing domain names and any other domain names registered to and/or used by Defendants that are confusingly similar to the Dunnam name and Dunnam Marks.

## ATTORNEYS' FEES

92.     Plaintiff will show that this is  an  exceptional  case  thereby  entitling Plaintiff to an award of attorneys' fees pursuant to 15 U.S.C. §1117.

## JURY DEMAND

93.     Plaintiff demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court award judgment against Defendants, and grant Plaintiff the following:

A.     Actual, direct, and consequential damages, lost profits, and treble damages;

B.     Statutory damages;

- 17 -

C.      Exemplary damages;

D.      Pre-judgment interest and interest on the judgment;

E.      Attorneys' fees, expenses, and costs;

F.      A permanent injunction; and

G.      Such other and further relief to which it may show itself to be justly entitled, at law or in

equity.

Dated: October 6, 2021                     Respectfully submitted,

                                           /s/ Victor C. Johnson
                                           Victor C. Johnson
                                           Texas Bar No. 24029640
                                           VJohnson@dykema.com
                                           DYKEMA GOSSETT PLLC
                                           1717 Main, Suite 4200
                                           Dallas, Texas 75201
                                           (214) 462-6400
                                           (214) 462-6401 (fax)

                                           Chad W. Dunn
                                           Texas Bar No. 24036507
                                           chad@brazilanddunn.com
                                           BRAZIL & DUNN, L.L.P.
                                           4201 Cypress Creek Pkwy., Suite 530
                                           Houston, Texas 77068
                                           281) 580-6310
                                           (281) 580-6362 (fax)

                                           R. Mark Dietz
                                           Texas Bar No. 05857200
                                           mdietz@lawdietz.com
                                           DIETZ & JARRARD P.C.
                                           106 Fannin Avenue East
                                           Round Rock, Texas 78664
                                           (512) 244-9314
                                           (512) 244-3766 (fax)

                                           **ATTORNEYS FOR PLAINTIFF**