**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DUNNAM & DUNNAM LLP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 6:21-CV-01041-DTG** |
| | § | |
| **DUNHAM LAW FIRM, P.C.,** | § | |
| **DUNHAM & JONES L.L.P.,  PAUL J.** | § | |
| **DUNHAM,  JEFFREY R. CASEY, and** | § | |
| **SCOTTY JONES,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER DENYING THE DEFENDANTS' MOTION FOR
<u>PARTIAL JUDGMENT ON THE PLEADINGS (DKT. NO. 36)</u>**

Before the Court is Defendants' Rule 12(C) Motion for Partial Judgment on the Pleadings

Dismissing Claims Barred by the *Noerr-Pennington* Immunity. Dkt. No. 36. The plaintiff filed a

response, to which the defendants filed a reply. Dkt. Nos. 39 & 40. The Court held a hearing on

May 13, 2026, at which it heard arguments involving several matters including this motion.

At that hearing the Court orally denied the defendants' motion. This Order memorializes

that ruling.

**I.  ANALYSIS**

This motion is in response to a single paragraph in the plaintiff's First Amended

Complaint. *See* Dkt. No. 36 at 1-2. The motion focuses on an allegation in the First Amended

Complaint that accuses the defendants of misusing the legal system. *Id*. (citing paragraph 72 of

the First Amended Complaint). The paragraph at issue is part of a longer recitation of allegations

under a heading titled, "Defendants' Marketing Efforts Cause Confusion." *See* Dkt. No. 6 at 9.

That paragraph—stated on information and belief—accuses the defendants of misusing the legal

system by suing unknown persons to have negative reviews removed from the defendants' business profile. *Id*. ¶ 72.

The defendants contend that any claims or allegations based on its state court lawsuits are barred by the *Noerr–Pennington* doctrine. Dkt. No. 36. The defendants contend that the *Noerr-Pennington* doctrine has been applied to protect parties from being sued for use of the legal process. *Id*. at 4-6. The defendants also contend that the only relevant exception—the sham litigation exception—cannot apply, because the plaintiff cannot allege that its state court cases were objectively baseless as required by the sham litigation exception. *Id*. at 6.

The plaintiff contends that there are multiple reasons to deny the defendants' motion. First, the plaintiff contends that the Court already resolved this issue when ruling on the previous motion to dismiss. Dkt. No. 39 at 3-5. It also contends that there is no cause of action based on the defendants' alleged misuse of the state legal system. Rather the reference to state litigation is additional factual support for its claims. *Id. at 5*. The plaintiff asserts that the *Noerr-Pennington* doctrine is an affirmative defense and that the plaintiff is not required to plead the sham litigation exception to the affirmative defense. *Id*. at 6. Finally, the plaintiff notes that the motion relies on a declaration that asserts facts outside the pleadings and is not properly resolved on the pleadings. *Id*. at 6-8.

The Court finds the plaintiff's arguments persuasive. The allegations referencing the state court litigation are contained in a single paragraph that is one of 128 numbered paragraphs in the First Amended Complaint. Dkt. No. 6 ¶ 72. That paragraph is included in a general recitation of the underlying facts and is not contained under any of the plaintiff's asserted causes of action. There is no cause of action in the First Amended Complaint that is based entirely on those allegations. As the defendants' authority confirms, the *Noerr-Pennington* doctrine is an

affirmative defense, and the plaintiff is not required to anticipate and plead against an affirmative defense. Dkt. No. 40 at 3; *Tricon Precast, Ltd. v. Easi Set Indus., Inc.*, 395 F. Supp. 3d 871, 886 (S.D. Tex. 2019) (holding that *Noerr-Pennington* doctrine is an affirmative defense and noting that many courts have found its application inappropriate at the pleading stage). The defendants' motion attaches a state court pleading and verification that were not part of the record, and to which the plaintiff has objected. Dkt. No. 36-1; Dkt. No. 39 at 6-8. The defendants' motion asks this Court to determine that the *Noerr-Pennington* affirmative defense applies and that no exceptions to that defense applies based on the pleadings and the additional evidence attached to the defendants' motion. Granting the defendants' motion would require the Court to consider evidence outside the pleadings and to improperly indulge in an inference in favor of the defendants—that is that no set of facts could reasonably support the sham exception doctrine. As noted in the *Tricon* case, many courts have found application of the *Noerr-Pennington* doctrine inappropriate at the pleading stage because "an affirmative defense typically requires 'consideration of evidence outside the pleadings.'" *Tricon Precast*, 395 F. Supp. 3d at 886 (citations omitted). This Court agrees.

The Court **SUSTAINS** the plaintiff's objection to the defendants' exhibits and **DENIES** the defendants' motion.

## II.  CONCLUSION

For the above reasons, the Defendants' Rule 12(C) Motion for Partial Judgment on the Pleadings Dismissing Claims Barred By Noerr-Pennington Immunity (Dkt. No. 36) is **DENIED.**

SIGNED this 20th day of May, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE